## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

KRISTEN KENDALL, Individually
and on behalf of all others similarly situated,

     Plaintiff,

                                          Case No:

v.

RELIANT PRO REHAB LLC, d/b/a
RELIANT REHAB,

     Defendant.

_____

## PLAINTIFF'S HYBRID FLSA SECTION 216B COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

Plaintiff, KRISTEN KENDALL (hereinafter as "KENDALL" or "Plaintiff"), individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action and the New Jersey Class as defined below, pursuant to 29 U.S.C. § 216(b), of the Fair Labor Standards Act (the "FLSA") and the NJWHL (as defined below) sues Defendant RELIANT PRO REHAB LLC, d/b/a RELIANT REHAB (hereinafter as "RELIANT" and/or "Defendant") for violations of the FLSA and New Jersey state wage and hour laws. Defendant has maintained an unlawful scheme to avoid its overtime pay obligations to a class of many thousands

of Therapists[1] in order to increase profits to the tune of millions of dollars each year at the expense of its hard working and dedicated employees.  As part of this scheme to avoid paying overtime wages and unfairly reap millions of dollars in profits, akin to stealing the earned wages of thousands of Therapists, Defendant maintained a De Facto policy or commanding and pressing Therapists to underreport, and submit inaccurate, and unreliable time sheets, and even deducted lunch breaks of 30 minutes from Therapists pay if they failed to do it themselves.  Therapists were told not to self-report more than 8 hours per day and 40 hours for the week no matter how many additional hours they worked, notwithstanding the fact that Defendant knew (or should have known) that the Therapists were working more hours than they actually recorded.  Meanwhile, RELIANT REHAB, through productivity requirements and their desire to limit labor costs, pressured Therapists to work overtime hours off the clock and underreport their hours, placing them in fear or disciplinary action and terminations of their employment if they dared report all the overtime hours they worked which were necessary to complete their job duties.

---

[1]The term "Therapist", as used herein, includes Therapists, Physical Therapist (PT), Physical Therapy Assistant (PTA), Occupational Therapist (OT), Certified and non-Certified Occupational Therapy Assistant (COTA)(OTA), Speech Language Pathologist (SLP), and all similarly situated employees holding other job titles who worked for Defendant and who perform similar job duties and are/were paid on an hourly basis and classified as non-exempt in the United States of America.

## INTRODUCTION

1.      Defendant in this case has willfully failed to pay wages and overtime wages to hourly-paid, non-exempt Therapists under various specialties who have been permitted to suffer to work off the clock in order to fulfill and handle required job duties and responsibilities in positions where Defendant knows such employees working in these positions were working off the clock overtime hours in efforts to meet all company expectations and job requirements and avoid suffering disciplinary action, including but not limited to termination of their employment.   All the members of the putative New Jersey Class and FLSA Collective proposed herein were paid on an hourly basis and classified as non-exempt and eligible for overtime pay.

2.      Plaintiff herein commences this legal action collectively against Defendant for willful violations of federal wage and hour laws by and related regulations on behalf of all similarly situated current and former Therapists of Defendant who worked anytime in the preceding three (3) years to the date of judgment in this action in the United States (the "FLSA Collective Period").

3.      Plaintiff also brings claims against Defendant for willful violations of New Jersey wage and hour laws by and related regulations on behalf of all similarly situated current and former Therapists of Defendant who worked anytime in the

preceding six (6) years to the date of judgment in this action in New Jersey (the "New Jersey Class Period").

4.    Pursuant to national, common policy and plan, Plaintiff and the class and collective of similarly situated current and former employees have worked for Defendant as Therapists in the approximately 872 or more locations or offices in 40 states in the United States of America.

5.    Plaintiff, and the class/collective of similarly situated employees, were unlawfully not compensated a premium overtime rate for all hours worked over forty (40) in each and every workweek by a scheme and plan of Defendant to evade the overtime wage laws and save many millions of dollars in labor costs to the detriment and harm of Plaintiff and all other similarly situated present and former employees.

6.    While Defendant did have some system for hourly employees to self-report their work hours, Defendant maintained a policy that "overtime" has to be pre-approved; meanwhile, and simultaneously, maintained a De Facto policy that all such employees are to "do whatever it takes to get the job done" and complete all their job duties including working off the clock as needed and required.

7.    Defendant knows or should have known that Therapists perform similar duties under various job titles and routinely worked overtime hours off the clock without compensation.

8.      Not only were managers, directors and/or supervisors well informed of these additional off the clock hours being performed by Therapists, and thus had actual knowledge, but managers and/or directors and others in management also encouraged and even pressured Therapists to work as many overtime hours as needed off the clock to meet productivity goals, and to complete all their job duties and required reporting forms and medical notes.

9.      Defendant's managers and superiors over the Plaintiff and those similarly situated in the proposed putative class/collective who themselves had worked in these same positions, also worked overtime hours off the clock and thus are well aware that working more than 40 hours in the workweek was necessary to complete these job duties and responsibilities, and to avoid the risk termination of their employment.

10.      Moreover, Defendant here never foreclosed Plaintiff and all others similarly situated from accessing the offices, computer systems and data bases outside the standard or regular business hours or on weekends to prevent and preclude off the clock work.

11.      Indeed, Defendant knew that Plaintiff and all others similarly situated routinely assessed systems, databases, and programs, including emails while off the clock and away from the office, including by and through available tablets.

12.    Defendant turned a "blind eye" to all the off the clock work for numerous reasons, while pressuring, coercing, intimidating and encouraging Therapists to work as many hours as necessary to hit their productivity goals and complete their job duties.

13.    Defendant has willfully failed to pay Plaintiff, and all similarly situated persons, in accordance with the FLSA.  Specifically, Plaintiff and the similarly situated collective or class members were not paid time and a half of their regular rate pay for all hours worked in excess of forty (40) hours per week.

14.    Plaintiff, and the class/collective of similarly situated employees, did not and currently do not perform work that meets the definition of any exemption under the FLSA, and the Defendant's pay practices are unlawful.

15.    Regardless, Plaintiff and all those similarly situated were not paid on a salary basis and thus not subject to the administrative or exemption exemptions under the FLSA.

16.    In this pleading, "Defendant" means the named Defendant and any other subsidiary or affiliated and wholly owned corporation, parent corporations, former or predecessor corporations, and any and all other organizations or entities responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

17.    The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.  Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal question under the FLSA, 29 U.S.C. §§ 201 *et seq.* and 29 U.S.C. § 216(b).

19.    This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

20.    This Court has personal jurisdiction over this action under New Jersey's Long Arm Statute NJ Rev Stat § 2A:4-30.68 (2014) because the Defendant continuously conducts substantial business in this District at numerous fixed offices or locations, and the damages at issue occurred in this District.  Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the parties reside in this district and because a substantial part of the events giving rise to the claims occurred in this District.  Defendant employed Plaintiff and members of the class and collective in this District and within the jurisdiction and venue of this Court.  "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing Fed. R. Civ. P. 4(e); *see also Carteret Sav. Bank, FA v. Shushan*,

954 F.2d 141, 144 (3d Cir. 1992)).  "[T]he New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process."  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (citations omitted).

21.    This Court has supplemental jurisdiction over the state law claims which are closely related to the FLSA claims.  28 U.S.C. § 1367.

22.    The Court also has jurisdiction pursuant to the Class Action Fairness Action.

23.    Plaintiff does not share a state of citizenship with Defendant.

24.    Plaintiff is a citizen of New Jersey.

25.    Defendant is not a citizen of New Jersey.  Defendant is a citizen of Texas with its principal place of business in Plano, Texas.

26.    The putative New Jersey class exceeds 100 Therapists upon information and belief.

27.    The amount in controversy exceeds $5,000,000.

## **THE PARTIES**

28.    Plaintiff KRISTEN KENDALL resides in New Jersey.  She worked for Defendant as a Physical Therapy Assistant (PTA) from approximately February 2020 until December 2021, working from the Cedar Grove Respiratory and Nursing Care Center located in Williamstown, New Jersey and also at the St. Mary's Center for Rehab and Healthcare in Cherry Hill, New Jersey.

29.    Plaintiff was paid on an hourly, non-exempt basis throughout the term of her employment.

30.    Plaintiff's primary job duties as a PTA was to treat patients and provide physical therapy, along with documenting and preparing notes of the therapy sessions in a contemporaneous manner.

31.    Plaintiff Kendall, like the other Therapists, routinely was compelled, expected, and pressured to routinely work overtime hours off the clock during the work weeks throughout her employment and without regard to whether she should have been paid a premium (overtime wages), or any compensation whatsoever for all the overtime hours worked.

32.    Throughout Plaintiff's employment she was required to have a productivity requirement of 95%, meaning that each week for her work hours, she was required to be treating patients 95% of the total work hours, and a minimum of 7.5 hours per day.

33.    Throughout Plaintiff's term of employment, she routinely worked more than 40 hours each week in order to complete her job duties and meet the productivity requirements, and regularly worked "off the clock", which in this instance meant she routinely worked overtime hours which were not reported on the time sheets.

34.    Similarly, throughout Plaintiff's employment, she self-reported 30-minute meal breaks which she did not take under the company policy, resulting in a loss of upwards of 2.5 hours per week of unpaid wages, most of which are unpaid overtime hours.    Defendant failed to pay Plaintiff for the time she worked during her meal breaks and Plaintiff was unable to take a *bona fide* meal break due to work interruptions.

35.    At all times material, Plaintiff was an employee of Defendant during the term of her employment as contemplated by 29 U.S.C. § 203, as are all other Therapists working for Defendant throughout the United States in facilities it staffs or manages and provides therapy to patients.

36.    Defendant classified Plaintiff and all others similarly situated as non-exempt, hourly paid employees at all times material, including within the 6 years preceding the filing of this complaint as well as in years prior to the present day.

## DEFENDANT RELIANT PRO REHAB LLC D/B/A RELIANT REHAB

37.    Defendant RELIANT PRO REHAB LLC. is a Foreign (Delaware) Limited Liability Corporation, with principal place of business located at 5800 Granite Parkway, Suite 1000, Plano, Texas 75024, and who all times material hereto, has routinely and consistently conducted business in the State of New Jersey through its fixed numerous long term health care and nursing home facilities or locations, including in this District.  Defendant may be served through its Registered Agent for

service of process, CT Corporation System, 820 BEAR TAVERN ROAD ,WEST TRENTON, NJ, 08628.

38.    As stated by Defendant on its website: "Reliant provides physical, occupational and speech therapy services to skilled nursing facilities.  Using our proprietary patient-centered clinical programs, we have over 37,000 patient interactions every day in over 870 facilities in 40 states."

39.    Defendant is an employer within the definition of the FLSA and the NJWHL (as defined below), and has revenues exceeding $500,000 annually and employs more than 2 persons.  Defendant at all times material was required to compensate Plaintiff Kendall and all others similarly situated overtime premiums for all overtime hours worked in each and every workweek.

## FACTUAL AND COLLECTIVE ALLEGATIONS

40.    This collective action arises from a longstanding and continuing wrongful scheme by Defendant to: a) willfully fail to accurately and properly track and record the work hours of Therapists and b) willfully refuse to pay overtime wages to a large class/collective of non-exempt, hourly paid employees who Defendant knows or should have known, were working off the clock and working overtime hours without being paid for all such hours.

41.    Plaintiff brings this suit individually, and on behalf of all similarly situated persons composed of the following FLSA Collective members:

**All persons employed as Therapists (as defined in footnote 1) or any other job titles used to describe persons performing similar job requirements, who are currently employed by or were previously employed by Reliant Pro Rehab LLC, d/b/a Reliant Rehab in the U.S. during the FLSA Collective Period (the "FLSA Collective")**

42.    Plaintiff is able to protect and represent the FLSA Collective and New Jersey Class (as defined below), and Plaintiff is willing and able, and consents to doing so.   Plaintiff Kendall is familiar with the Defendant's pay practices, company policies and procedures.

43.    Plaintiff has routinely worked more than forty (40) hours in workweeks throughout the term of Plaintiff's employment with Defendant.

44.    Plaintiff was required to routinely attend meetings and training sessions which ate into Plaintiff's productivity.

45.    Plaintiff was required to meet productivity expectations for patient treatment of 95%, which equated to 7.6 hours per day, and could not take a 30-minute uninterrupted, non-working bona fide meal break and complete all notes for the therapy on the patients.

46.    As was Plaintiff's experience, hitting and maintaining this productivity requirement, while supposedly taking a 30-minute meal break, and completing all notes and attending all meetings, while treating patients 7.6 hours per day was an impossibility in 40 hours of work.

47.     Defendant knew that Therapists were working off the clock, working more hours than reported, not taking 30 minutes of uninterrupted meal breaks, coming in early, staying late and working outside the facility and from home in order to complete their job duties and responsibilities while off the clock and while not being paid.

48.     Said another way, Defendant knew that the Therapists were required to work more than 40 hours routinely throughout their workweeks without overtime pay, and thus worked off the clock.

49.     Defendant warned Plaintiff and all other Therapists that if they did not self-report 30 minutes each day for a meal break on their timesheets, the company would automatically deduct the 30 minutes of time, even when they knew the employees did not take this meal break and worked through some or all of this time.

50.     Thus, each week, Defendant stole 30 minutes a day in wages, most often overtime wages, and approximately 2.5 hours each week in overtime pay, as each person had to report no more than 40 hours of work for the week and no more than 8 hours per day on their time sheets, less these breaks.

51.     Throughout Plaintiff's term of employment with Defendant, Plaintiff had no time to take 30 minutes of uninterrupted meal breaks. Plaintiff would work through the day, and if Plaintiff could even take a break to eat, it was for a few

minutes or eating on the run or eating and working on notes: all of which meant that this time was compensable hours, and overtime that should be paid, not stolen.

52.    Defendant allowed Plaintiff and Therapists to work through the day without taking this 30-minute uninterrupted meal break in order to meet productivity, and there was no ability or means to report less than 30 minutes without suffering the auto deduction by Defendant.

53.    Throughout Plaintiff's employment, Plaintiff routinely recorded exactly 8 hours per day with a 30 minute unpaid meal break per Defendant's directives, which Defendant could see and in fact knew was false, unreliable, and inaccurate.

54.    Plaintiff and Therapists do not work exactly 8 hours every day, and 40 hours every week, and take exactly 30 minutes of meal break each day.

55.    Moreover, the act of Defendant deducting 30 minutes for a meal break not taken when employees did not self-report this 30-minute meal break, is unlawful time editing and shaving and falsification of its own time records.

56.    Due to Defendant's unlawful practices, Plaintiff and Therapists were forced to work off the clock and submit falsified, unreliable and inaccurate time records or face discipline and termination of their employment.

57.    Defendant willfully and unlawfully violated the FLSA and New Jersey wage and hour laws for the sake of increasing profits and saving millions of dollars in wages owed to a hard-working Therapists.

58.     All of Plaintiff and Therapists' job requirements were not possible to be performed and completed within 40 hours of work time.

59.     Defendant knew Plaintiff and other Therapists took home tablets and laptop computers for work purposes, and permitted it.  Defendant plainly knew and could see that work was being done off the clock and away from the facilities or locations, and Defendant sat with a blind eye and indifference to it, while reaping the rewards of the additional work and labor for free.

60.     Plaintiff alleges, on Plaintiff's own behalf and on behalf of the FLSA Collective who elect to opt-in to this action, that they are entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay as required by the FLSA at time and at one and one half times their regular rates of pay.

61.     Defendant employs, upon information and belief and investigation, upwards of 4,000 Therapists in 870 facilities in 40 states.

62.     Defendant has maintained common job descriptions for the Therapist positions within the FLSA Collective Period, demonstrating the job requirements for all Therapists for any location in the U.S. are similar, if not identical.

63.     All Therapists within this defined FLSA Collective here were treated and classified by Defendant as hourly, nonexempt employees.

64.     Therapists, including Plaintiff were discouraged and prevented from reporting their overtime hours under Defendant's De Facto (unwritten) Policy, including pressure from superiors and by fear and intimidation about complaining of the off the clock hours and of being terminated.

65.     When Plaintiff complained of the inability to complete all job duties within a 40-hour work week, including working on weekends and outside the office hours during the week, Plaintiff's manager made it clear to Plaintiff that Plaintiff had to either complete all the work off the clock or suffer disciplinary action.

66.     The company discouraged complaining of the overtime hours and against clocking and performing overtime work on the clock, meanwhile pressured and encouraged Therapists to work many hours as required to perform all job requirements and meet their productivity.

67.     Further, if a Therapist dared to put their overtime hours on the time records and submit it, doing so would diminish the ability to hit the productivity numbers and they would be subject to discipline.  Thus, Defendant also discouraged the reporting and clocking of overtime hours which would lead to disciplinary action for not meeting the productivity goals.

68.     The Defendant maintains a company-wide policy throughout the relevant FLSA Collective Period of willfully refusing to pay overtime wages for all overtime hours worked to Therapists despite clear knowledge Therapists, including

Plaintiff, have routinely worked overtime hours which are unreported and off the clock.

69.    Defendant maintains a strict labor budget at each facility or location, and throughout Plaintiff's employment it was made clear to Plaintiff, as Plaintiff did on one or more occasions, that asking for the so-called pre-approval for performing overtime hours on the clock not only would just be denied, but would also draw the ire of her superior and put a target on her back for termination of her employment.

70.    The overtime wage provisions set forth in FLSA apply to Defendant. Defendant is a covered employer under the FLSA.

71.    Plaintiff, and all other similarly situated employees, are covered employees under FLSA.

72.    Pursuant to FLSA § 207, Defendant, as the employer of Plaintiff and other similarly situated Therapists, was and is still required to pay one and one-half times each employee's hourly rate for hours worked in excess of forty (40) hours per week.

73.    Defendant's overtime policies were circular, and the proverbial chicken and egg type game of do not claim or seek to claim overtime without pre-approval, while simultaneously discouraging reporting and allowing Therapists to work uncompensated overtime hours due to Defendant's work requirements.

74.     Defendant maintained a culture, environment of discouraging and intimidating Therapists from submitting, or reporting overtime hours worked; warning they had to find a way to do all their work and keep up, sacrificing personal time, or they would be subjected to discipline or termination of their jobs.

75.     Defendant does not presently, and has not throughout the relevant FLSA Collective Period, properly clock, track or record the actual working hours of each Therapist in all of its U.S. locations or facilities.

76.     Most full-time staffed Therapists, primarily worked a similar corporate set schedule of five (5) days per week, typically Monday to Friday, and were required to report 8 full work hours per day, and no more.

77.     All Therapists were trained to perform their respective job duties and responsibilities, and expected to perform their job duties and responsibilities in similar manners throughout the U.S.

78.     All Therapists, by having a required productivity of up to 95% or higher, would have to work more than 8 hours per day and more than 40 hours per week.

79.     Defendant had no system or means or process for which Therapists could report their weekend work hours or any work performed from their homes.

80.     Plaintiff and other Therapists would commence work earlier than reported on their time sheets or stay later after the time sheets and as per directions

and instructions from Defendant, and its managers, submit no more than 8 hours for the day and no more than 40 hours for the week of work despite not taking meal breaks, and exceeding 8 hours each day to complete all job duties.

81.    In summary, Defendant maintained a De Facto policy which required Therapists, including Plaintiff and all Therapists, to complete all job duties and responsibilities but never to report more than 8 hours for the day or more than 40 hours for the week under the company De Facto Policy.

82.    Therapists, including Plaintiff, were likewise told to do what it takes to complete all job duties and requirements, including working overtime hours off the clock, but discouraged from self-reporting reporting overtime hours to the Defendant, despite Defendant's knowledge that such off the clock overtime work was being performed.

## ADDITIONAL CLASS ACTION ALLEGATIONS APPLICABLE TO COUNT III AND THE NEW JERSEY STATE LAW CLASS

83.    Plaintiff also brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of herself and the New Jersey State Law Class defined as:

**All persons employed as Therapists (as defined in Footnote 1) or any other job titles used to describe persons performing similar job requirements, who are currently employed by or were previously employed by Reliant Pro Rehab LLC, d/b/a Reliant Rehab in the State of New Jersey during the New Jersey Class Period (the "New Jersey Class").**

84.     The members of the New Jersey Class are so numerous that joining all members is impracticable.

85.     Upon information and belief, there are more than 100 members in the New Jersey Class, with the exact numbers yet to be discovered for certain, information of which is in the hands of Defendant.

86.     Defendant operated and staffed numerous rehabilitation and long term health care facilities and nursing homes in the state of New Jersey during the 6 years preceding the filing of this lawsuit to the present, and as to which it employed Therapists at these facilities at all times material.

87.     The Therapists working from New Jersey, including Plaintiff Kendall, had similar job requirements, and were all paid on an hourly non-exempt basis.

88.     At each facility Defendant operated or staffed, it regularly had staffed full time therapists of each of the specialties full time, upwards of 3 or more, plus a Director of Rehab, along with other PRN therapists.

89.     Plaintiff and the New Jersey Class were subjected to Defendant's De Facto policy under which they were expected and pressured to work more than 40 hours routinely during their workweeks, but not report these overtime hours and thus work off the clock.

90.    The company policies and procedures in New Jersey facilities were the same as in all other facilities Defendant starred and operated during each respective year of operation.

91.    Defendant has acted or has refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New Jersey Class as a whole.

92.    Plaintiff will fairly and adequately represent and protect the interests of the New Jersey Class because there is no conflict between the claims of Plaintiff and those of the New Jersey Class, and Plaintiff's claims are typical of the claims of the New Jersey Class.

93.    Plaintiff's undersigned class counsel is competent and experienced in litigating wage and hour, class and collective actions and other complex litigation matters, including wage and hour cases like the one here.

94.    There are questions of law and fact common to the proposed New Jersey Class which predominate over any questions affecting only individual Class members, including, without limitation: a) whether Defendant violated and continue to violate federal and New Jersey state law through its policies and practices of not paying their Therapists for all hours worked and the overtime compensation owed for such overtime hours they knew were being or had been worked.

95.     Plaintiff's claims are typical of the claims of the New Jersey Class in the following ways, without limitation:  (a) Plaintiff is a member of the New Jersey Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of all the claims class members in the New Jersey Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the New Jersey Class and involve similar factual circumstances and arise from a common nucleus of operative facts; (d) there are no conflicts between the interests of Plaintiff and the New Jersey Class; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the New Jersey Class.

96.     Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the New Jersey Class predominate over any questions affecting only individual Class members.

97.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.

98.     Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

99.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

100.    The New Jersey Class members are readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the New Jersey Class would create the risk of inconsistent or varying adjudications with respect to individual New Jersey Class members such that would establish incompatible standards of conduct for Defendant.

101.    A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.

102.    Further, the amounts at stake for many of the New Jersey Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant in fairness or on equal grounds. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the New Jersey Class members.  Plaintiff envisions no difficulty in the management of this action as a class action.

103.    The claims of the New Jersey Class herein are identical to all other Therapists similarly situated in the national FLSA collective action, except that pursuant to New Jersey Wage and Hour Law ("NJWHL"), all New Jersey Class members are entitled to recover unpaid overtime wages dating back for a period of

6 years, and treble damages equal to 200% of the wages ordered to be paid or awarded in this action by the court or a jury.

104.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the New Jersey Class have been damaged and are entitled to recovery as a result of Defendant's common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendant's compensation practices and to vigorously prosecute a lawsuit against Defendant to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

105.  This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

### COUNT I
### VIOLATIONS OF FLSA § 207 AND DECLARATORY ACTION PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202
### (On Behalf of Plaintiff and the FLSA Collective)

106.  Plaintiff realleges and incorporates by reference paragraphs one (1) through Eighty Five (85) of this Complaint and fully restates and realleges all facts and claims herein as if fully stated.

107.    Defendant has willfully and intentionally engaged in a common company pattern and practice of violating the provisions of the FLSA, by failing to pay all Plaintiff and the FLSA Collective members, the required overtime wages and premiums for all hours worked over 40 in each and every work week.

108.    Plaintiff and the FLSA Collective members routinely work or worked off the clock and as all such time should have been counted as compensable overtime hours during any workweek that Plaintiff and the FLSA Collective members worked.

109.    Defendant knew that Plaintiff and FLSA Collective members routinely performed work of the clock and including overtime hours.

110.    This unpaid work included completing required notes on tablets while off the clock, at or away from the facility, which was permitted and performed with the knowledge and acceptance of Defendant.

111.    Plaintiff and the FLSA Collective members also work during the day without taking a 30-minute, uninterrupted, non-working meal break, or being forced to falsely report untaken meal breaks under threats or warnings of the automatic deductions and disciplinary action for not putting in a falsified 30-minute meal break.

112.    Defendant could see, and was keenly aware of the access times to the notes and software and programs by Plaintiff and FLSA Collective Members while they were off the clock.

113.   Defendant had a duty and obligation under the FLSA, and as per CFR part 516, to contemporaneously track and record all work hours of hourly non-exempt employees, including Plaintiff and FLSA Collective members.

114.   Similarly, Defendant had a duty to accurately track and record meal breaks, but Defendant's unlawful policy and practice of commanding falsified time records for meal breaks never taken, or to auto deduct 30 minutes for meal breaks never taken, means Defendant's records are inaccurate, underreported, and falsified and thus violate the FLSA and its regulations for accurately recording and documenting hourly paid employees work hours.

115.   Defendant failed to record and pay for all time that Plaintiff and FLSA Collective members worked, including overtime hours worked in excess of 40 hours per week.

116.   Defendant's conduct and actions of turning a blind eye, ignoring the fact that time sheets showing eight (8) hours every day, and forty (40) hours every week were clearly known to be inaccurate and an understatement of Plaintiff's and the FLSA Collective's actual working hours, resulted in a willful violations of the overtime wage law of Section 207 of the FLSA.

117.   Defendant's actions constitute permitting Plaintiff and the FLSA Collective members to unlawfully ***suffer to work off the clock*** without being paid for all hours and overtime hours worked.

118.    The FLSA requires any employer who has actual or constructive knowledge of employees working off the clock to either cease and stop the conduct or be held liable and responsible for paying the overtime premiums for such off the clock hours, in addition to double the sum as liquidated damages.

119.    Said differently, Defendant knowingly, actively and/or constructively **permitted Plaintiff and all FLSA Collective members to suffer to work off the clock and without being paid for all such overtime hours while reaping the benefits of their unpaid labor and sweat**.

120.    The FLSA holds that such off the clock work Defendant knew of or had reasons to know but did nothing to preclude or halt, and which was encouraged and permitted, is compensable overtime hours due to be paid to Plaintiff and FLSA Collective members who worked overtime hours without pay during the FLSA Collective Period.

121.    Defendant maintained a De Facto Policy to discourage reporting and claiming overtime hours, but meanwhile reaped the benefits of the additional work activities and work hours of the Plaintiff and FLSA Collective, and the savings in many millions of dollars in labor costs.

122.    At any given time throughout the FLSA Collective Period, the supervisors and managers of Plaintiff and the FLSA Collective knew or should have

known that the time sheets of Plaintiff and FLSA Collective members were inaccurate and did not capture all their work hours.

123.   Similarly, at any given time throughout the FLSA Collective Period, regional managers or other executives, managers and superiors of Plaintiff and FLSA Collective Members knew that Plaintiff and FLSA Collective members were working off the clock and that their time sheets were inaccurate and did not capture all their work hours.

124.   Indeed, Plaintiff and the FLSA Collective members were intimidated against reporting the extra compensable overtime hours and told to focus on their productivity goals and responsibilities while simultaneously being pressured to keep up or be subject to disciplinary action, including termination of their employment.

125.   The Defendant intentionally created a work environment that was oppressive, laced with fear and intimidation against reporting overtime hours and complaining about not being paid for all overtime hours, as claiming overtime hours worked would draw ire and scrutiny of management.

126.   Defendant has willfully and with reckless disregard for the requirements of the FLSA and its regulations, failed to pay Plaintiff and the FLSA Collective,  overtime wages for all work hours over (40) hours in one or more work weeks during the FLSA Collective Period as mandated by FLSA § 207.

127.   Defendant does not have a good faith basis for these described unlawful pay practices, such that Plaintiff and the FLSA Collective Members are entitled to be paid an equal sum in overtime wages owed at rates of one and one half times their respective regular rates of pay as liquidated damages.

128.   Defendant knowingly and willfully failed to track the hours worked by Plaintiff and  the FLSA Collective members.

129.   Defendant encouraged and pressured Plaintiff and the FLSA Collective members to work as many hours as they needed to off the clock in order to handle all their job duties and responsibilities and has direct, if not constructive knowledge of Plaintiff and FLSA Collective members working overtime hours.

130.   By failing to record, report, and/or preserve records of all minutes and hours worked by Plaintiff and the FLSA Collective members, the Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA 29 U.S.C. §§ 201 *et. seq*., including 29 U.S.C. §§ 211(c) and 215 (a).

131.   Defendant knew or should have known that the act of permitting Plaintiff and the FLSA Collective to work off the clock, including working on weekends, was willful and evades the wage and hour requirements of the FLSA such that a three (3) year statute of limitations applies.

132.   To summarize, Defendant has willfully and lacking in good faith, violated the FLSA by the following unlawful pay practices applicable to Plaintiff and the FLSA Collective:  a) maintaining a De Facto policy against Plaintiff and the FLSA Collective reporting all overtime hours worked and foreclosing them from reporting any more than 40 hours for the week; and b) permitting Plaintiff and the FLSA Collective to suffer to work off the clock without being paid for all hours worked; and c) deducting 30 minutes each day for meal beaks they knew were not taken by Plaintiff and the FLSA Collective Members and commanding and requiring Plaintiff and the FLSA Collective Members to self-report and thus deduct 30 minutes of time each day for meal breaks they did not take, costing them upwards of 2.5 hours of unpaid overtime hours each week.

133.   As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective Members have suffered economic damages by Defendant's failure to pay overtime compensation in accordance with FLSA § 207.

134.   Due to Defendant's willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to 29 U.S.C. §255(a).

135.   As a result of Defendant's unlawful acts and pay practices described herein, Plaintiff and the FLSA Collective Members have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due,

prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b), as well as injunctive relief pursuant to 29 U.S.C. § 217.

## COUNT II
## VIOLATIONS OF THE FLSA § 211(c) FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED
### (On Behalf of Plaintiff and the FLSA Collective)

136.    Plaintiff adopts and reallege paragraphs 1 through 85 as if fully set forth herein.

137.    Evidence reflecting the precise number of overtime hours worked by Plaintiff and every member of the FLSA Collective, as well as the applicable compensation rates, is in the possession of Defendant.

138.    However, and to the extent records are unavailable, Plaintiff, and members of the FLSA Collective, may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

139.    All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

140.    With respect to an employee subject to the FLSA provisions, the following records must be kept:

a.    Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

    b.      Hour and day when work week begins;

    c.      Regular hourly pay rate for any week when overtime is worked;

    d.      Total hours worked each workday and each workweek;

    e.      Total daily or weekly straight-time earnings;

    f.      Total overtime pay for the workweek;

    g.      Deductions from or additions to wages;

    h.      Total wages paid each pay period; and

    i.      Date of payment and pay period covered

141.  Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist.  *See* 29 U.S.C. § 215(a)(5); *Dunlop v. Gray-Goto, Inc.,* 528 F.2d 792 (10th Cir. 1976).

142.  Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the Act.  An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked. *Wirtz v. First State Abstract Ins. Co.,* 362 F.2d 83 (8th Cir. 1966); *Boekemeier v. Fourth Universalist Soc'y,* 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

143.  An employer's failure to maintain records may create a presumption in the aggrieved employee's favor.  *Myers v. The Copper Cellar Corp.,* 192 F.3d

546, 551 n.9 (7th Cir. 1999) (citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946)).

144.    Defendant has failed to accurately and contemporaneously record, track and report Plaintiff and the FLSA Collective's time and work hours as required under the FLSA and the related DOL regulations.

145.    Defendant has failed to make, keep and preserve records, with respect to Plaintiff and the FLSA Collective members sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 C.F.R. § 516.2 and 29 U.S.C. §§ 211 and 216 and related laws.

146.    Defendant's records are unreliable, falsified, inaccurate and as such Defendant has the burden of proving the actual hours worked by Plaintiff and the FLSA Collective members in this action, and the work hours estimated by Plaintiff and the FLSA Collective are presumed to be correct.    To extent records are unavailable to establish all the overtime hours worked by Plaintiff and the FLSA Collective, Plaintiff, and members of the FLSA Collective, may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

## COUNT III VIOLATION OF THE NEW JERSEY WAGE AND HOUR
## LAW N.J.S.A § 34:11-56A4
## (ON BEHALF PLAINTIFF KENDALL AND THE NEW JERSEY CLASS)

147.    Plaintiff herein adopts and realleges paragraphs 1 through 146 as if fully set forth herein.

148.    The NJWHL requires that covered employees be compensated for all hours worked.

149.    The NJWHL also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular hourly rate at which the person is employed. See NJWHL, N.J. Stat. Ann. § 34:11-56a4.

150.    Plaintiff and the New Jersey Class are not exempt from the NJWHL, and Defendant is an employer defined in the NJWHL required to pay nonexempt employees overtime premiums, including Plaintiff and the New Jersey Class.

151.    The NJWHL follows the same overtime exemptions as the FLSA, both of which declare that hourly paid employees are required to be paid time and ½ their regular rate of pay for all hours worked over 40 in each and every workweek.

152.    Defendant is subject to the overtime requirements of the NJWHL because Defendant is an employer under NJWHL, N.J. Stat. Ann. § 34:11-56a1(g).

153.    During all relevant times, Plaintiff and the New Jersey Class were covered employees entitled to the above-described NJWHL's protections pursuant to NJWHL, N.J. Stat. Ann. § 34:11-56a1(h).

154.    Defendant failed to compensate Plaintiff and the New Jersey Class for all hours worked and all overtime hours worked.

155.    Specifically, Defendant failed to compensate Plaintiff and the New Jersey Class at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of the NJWHL.

156.    Defendant's violations of the NJWHL were repeated, willful, intentional, and in bad faith.

157.    Pursuant to NJWHL, N.J. Stat. Ann. § 34:11-56a25, employers, such as Defendant, who fail to pay an employee wages in conformance with the NJWHL shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages, plus 200% of the wages as liquidated damages.

158.    Defendant willfully violated the NJWHL by failing to pay Plaintiff and the New Jersey Class overtime premiums in the sum of time and one half their regular hourly rate of pay for all hours worked over 40 in each and every workweek.

159.    Defendant knew that Plaintiff and the New Jersey Class routinely worked more than 40 hours during the workweeks, and that these overtime hours were off the clock, and not reported.

160.    Similarly, Defendant auto deducted 30 minutes each day of time if Plaintiff and the New Jersey Class did not self-report taking 30 minutes of meal break when they did not do so, and thus stole upwards of 2.5 hours each week in overtime wages from Plaintiff and the New Jersey Class.

161.    Plaintiff and the New Jersey Class suffered harm and damage by the unlawful pay practices complained herein and are entitled to be paid for all overtime hours worked, meaning all hours worked over 40 in each and every work week throughout the term of their employment, and dating for a period of 6 years preceding the filing of this complaint.

162.    Plaintiff and the New Jersey Class are also entitled to be paid their the sums owed for unpaid overtime wages, plus 200% or treble damages for all sums awarded in this action during the New Jersey Class Period because of Defendant's willful, and lacking in good faith unlawful conduct and pay practices complained of herein.

163.    Defendant willfully violated the NJWHL by failing to pay Plaintiff and the New Jersey Class overtime premiums in  the sum of time and one half their regular hourly rate of pay for all hours worked over 40 in each and every workweek.

164.    Plaintiff and the New Jersey Class suffered harm and damage by the unlawful pay practices complained herein and are entitled to be paid for all overtime hours worked, meaning all hours worked over 40 in each and every work week throughout the New Jersey Class Period.

165.    Plaintiff and the New Jersey Class are also entitled to be paid their sums owed for unpaid overtime wages, plus 200% or treble damages for all sums awarded in this action for the entire New Jersey Class Period  because of Defendant's willful, and lacking in good faith unlawful conduct and pay practices complained of herein.

**WHEREFORE,** Plaintiff KRISTEN KENDALL, individually, and on behalf of all other similarly situated, employed within the preceding three years and for all currently employed Therapists of Defendant seek the following the following relief:

a.  Designation of this action as a FLSA Section 216(b) collective action, and a Rule 23 Class action;

b.   That Plaintiff KFRISTEN KENDALL be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present THERAPISTS employed by RELIANT PRO REHAB LLC., at any time during the FLSA Collective Period in the United States;

c. Designate Plaintiff KENDALL as Representative of the FLSA Collective and Rule 23 New Jersey Class for purposes of engaging in mediation, with the authority to execute any Collective or Class settlement agreement the parties might reach, which is subject to Court's approval before making any such agreement binding;

d. That all past and present Therapists be informed of the nature of this collective action who worked during the FLSA Collective Period, and similarly situated employee's right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

e.  That the Court find and declare Defendant has willfully violated the overtime compensation and wage and hour provisions of the FLSA and the NJWHL;

f. That the Court find and declare Defendant's violations of the FLSA and NJWHL were and are willful;

g. That the Court enjoin Defendant, under 29 U.S.C. § 217, from withholding future payment of wages and overtime compensation owed to members of the New Jersey Class and FLSA Collective.

h. That the Court award to Plaintiff and the FLSA Collective and the New Jersey Class overtime compensation for all hours worked and all overtime hours worked at a rate of one and one half time their regular

rates of pay, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years for the FLSA claims and past six years for the New Jersey claims;

i.  Award each Plaintiff and Opt-In Plaintiffs in the FLSA Collective an equal sum in awarded or recovered wages as liquidated damages, and for the New Jersey Class, the sum of 200% of the amount of wages awarded.

j.  That the Court award Plaintiff and the Plaintiffs who opt into this action, recovery of their reasonable attorneys' fees and costs and expenses of litigation pursuant to FLSA § 216 and NJWHL;

k.  That the Court award Plaintiff a Class Representative service award for the justice she sought out for so many and her services in this case as representatives for the New Jersey Class and FLSA Collective;

l.  That the Court issue in order of judgment under 29 U.S.C. §§ 216-17 and 28 U.S.C. §§ 2201 and 2202 finding that the Defendant unlawfully and willfully violated the FLSA by failing to pay overtime wages and failing to properly and willfully failing to accurately record all hours worked of non-exempt employees, as well as issue an INJUNCTION barring the Defendant from further violating the FLSA;

m. Award pre-judgment and post-judgment interest, as provided by state or federal law; and

n. That the Court award any other legal and equitable relief as this Court may deem appropriate, including the value of underpaid matching funds in company pension or 401k plans.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this 12th day of May 2022.

<u>*/s/Michael J. Palitz*</u>
Michael J. Palitz, Esq.
SHAVITZ LAW GROUP, P.A.
477 Madison Avenue, 6th Floor
New York, New York 10022
Tel:  (800) 616-4000
Fax:  (561) 447-8831
mpalitz@shavitzlaw.com

Mitchell L. Feldman, Esq.*
FELDMAN LEGAL GROUP
6916 West Linebaugh Avenue, # 101
Tampa, Florida 33625
Tel: (813) 639-9366
Fax: (813) 639-9376
Mfeldman@flandgatrialattorneys.com
Mail@feldmanlegal.us

Gregg I. Shavitz, Esq.*
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431

Tel:  (561) 447-8888
Fax:  (561) 447-8831
gshavitz@shavitzlaw.com

*Attorneys for Plaintiff, Opt-In Plaintiffs, and the FLSA Collective and New Jersey Class*

*\*Application for admission pro hac vice forthcoming*